COMMONWEALTH OF KENTUCKY  09 CI 07322

NO.                                                    JEFFERSON CIRCUIT COURT
                                                       DIVISION
                                                       HON.
                                                       JEFFERSON CIRCUIT COURT
                                                       DIVISION ELEVEN (11)

RITA F. STEVENS                                                              PLANITIFF

v.                            **COMPLAINT**

DR. EDWARD C. ADLER                                                          DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT

Comes now the Plaintiff, Rita F. Stevens, and for her Complaint against the Defendant, Dr. Edward C. Adler, states the following:

### NATURE OF THE COMPLAINT

This is a Complaint for damages resulting from violation of the Plaintiff's rights under state and federal law, including KRS 344.120, the Americans with Disabilities Act of 1990 (ADA), and the common law.

### JURISDICTION

Plaintiff is a citizen of the state of Kentucky and Defendant is also a citizen of the state of Kentucky. Jurisdiction is based upon Defendant's violation of Kentucky state law in the state of Kentucky.

### FACTUAL BASIS AND CAUSES OF ACTION

#### COUNT 1

1. Plaintiff suffers from adult onset hearing loss, which has left her completely deaf and requires her to use an interpreter when using public facilities.



EXHIBIT 4

2. Defendant is a physician who specializes in Gastroetcrology and Internal Medicine.

3. On July 23, 2008, Plaintiff sought medical attention from Defendant due to severe stomach pain in her lower abdomen, after being referred by her family physician.

4. Anticipating her visit, Defendant requested a sign interpreter to be present for Plaintiff's examination.

5. On the morning of her appointment, the sign interpreter met the Plaintiff at the Defendant's offices and both were brought back to the exam room for the appointment.

6. The Defendant entered the examination room and proceeded to verbally assault Plaintiff and the interpreter because he was upset for having to provide the ADA required interpreting service.

7. During the diatribe, the interpreter continued to sign the Defendant's words to the Plaintiff; his language was directed at both women.

8. Defendant continued to complain about the costs related to the ADA requirement and continually referred to the Plaintiff as a "charity case", making it clear to her that her presence there was not welcome due to its accompanying cost to his business.

9. The Defendant then turned his attention to the purpose of the Plaintiff's visit, her severe stomach pain, and told Plaintiff that she should see her family doctor for such issues and that it would be unnecessary for her to return to his office; he did not prescribe any medication nor order any tests.

10. Plaintiff returned to her family physician the next day, still complaining of severe stomach pain, and related her visit with the Defendant the previous day.

11. Due to her exhibition of pain and increased evidence of anxiety, the family doctor ordered a stomach scan and referred plaintiff to a different physician specializing in Gastroeterology.

12. The actions of the Defendant on July 23, 2008 constitute a violation of KRS 344.120.

13. KRS 344.120 states: Except as otherwise provided in KRS 344.140 and 344.145, it is unlawful practice for a person to deny and individual full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of pubic accommodation, resort, or amusement as defined in KRS 344.130, on the ground off disability, race, color, religion, or national origin.

14. KRS 344.130 defines a public accommodation as "any place, store, or other establishment, either licensed or unlicensed, which supplies goods or services to the general public or which solicits or accepts the patronage or trade of the general public or with is supported directly or indirectly by government funds..."

## COUNT 2

1. Further, the actions of the Defendant on July 23, 2008 constitute a violation of ADA Title III Regulation 28 CFR secs 36.206 and 36.303.

2. The title states: 28 CFR sec. 36.206(b) Retaliation or coercion. No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed...,any right granted or protected by the Act or this part.

3. The title states: 28 CFR sec. 303 Auxiliary aids and service. A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability

is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the accommodation can demonstrate that taking those steps would fundamentally alter...of would result in an undue burden, i.e., significant difficulty or expense.

### COUNT 3

1. That as a direct result of Defendant's violation of KRS 344.120 and Title III of the ADA, pursuant to Kentucky common law, as the Kentucky Supreme Court has recognized, the tort of outrage or the intentional infliction of emotional distress in Craft v. Rice, 671 S.W.2d 247 (KY 194), adopting Section 46 of the Restatement (Second) of Torts (1965), which provides: One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm. Rita Stevens has suffered extreme emotional distress.

2. As a result, 28 CFR 36.504 is applicable in that it provides a civil penalty may be levied upon the offending party in order to vindicate the public interest in such matters.

### PRAYER FOR RELIEF

Wherefore, the Plaintiff, Rita F. Stevens respectfully demands judgment against the Defendant for her damages; court costs; pre-judgment and post-judgment interest, and for any and all relief for which she may be entitled.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all questions of fact raised by the complaint.

Respectfully submitted,

*Donald H. Morehead*
*By Owen Mahan*

DONALD H. MOREHEAD
*Counsel for Ms. Rita Stevens*
10351 Linn Station Road
Louisville, Kentucky 40223
(502) 326-3600
dhmorehead@yahoo.com

09CI07822

| AOC-105         Doc. Code: CI
Rev. 1-07       07/22/2009 12:01 pm
Page 1 of 1     Ver. 1.02.
Commonwealth of Kentucky
Court of Justice   www.courts.ky.gov
CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. _____
Court  ☐ Circuit  ☐ District
County _____ |

JEFFERSON CIRCUIT COURT **PLAINTIFF**
DIVISION ELEVEN (11)

Rita F. Stevens
9713 Wingfield Road

Louisville            Kentucky           40291

VS.

**DEFENDANT**

Dr. Edward Adler
Suite 7B
4001 Dutchmans Lane
Louisville            Kentucky           40207

**Service of Process Agent for Defendant:**

_____
_____
_____

**THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: __JUL 22 2009__, 2___                        David L. Nicholson  Clerk
                                                By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

                                Served by: _____
                                           _____ Title